IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAMI HAMDALLAH AHMAD OMAR, ) | |
| ) | Case No. 1:05-CV-02964 |
| Plaintiff, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | Magistrate Judge Nancy A. Vecchiarelli |
| MICHAEL CHERTOFF, Secretary, Department ) | |
| of Homeland Security, et al., ) | |
| ) | ORDER |
| Defendants. ) | |
| ) | |

Before the court are plaintiff Sami Hamdallah Ahmad Omar's ("Omar") motion to set aside immigration decisions [Docket No. 16] and the motion of defendants Michael Chertoff, Secretary of the Department of Homeland Security, and Mark Hansen, Director of United States Citizenship and Immigration Services in Cleveland (collectively, the "Government") for remand pursuant to 8 U.S.C. § 1447(b) [Docket No. 18].

Omar filed this action on December 23, 2005, seeking a hearing pursuant to 8 U.S.C. § 1447(b) because the United States Citizenship and Immigration Service ("CIS") did not act on Omar's applications for naturalization within 120 days. CIS recently issued decisions on those applications while this action was pending before the court, denying both applications on February 22, 2006. Omar now seeks an order from the court setting aside those decisions, while the Government seeks an order remanding the matter back to CIS for final determination. The Government also claims that additional background checks are necessary for final disposition of Omar's naturalization applications. As Omar would have the ability to obtain judicial review if his naturalization applications are denied under 8 U.S.C. § 1421(c), the court will therefore remand the matter to CIS pursuant to 8 U.S.C. § 1447(b) with

instructions.

At a case management conference held on March 24, 2006, the parties agreed that the case should be remanded to CIS for further proceedings, but could not agree on the instructions that should accompany the remand. At the court's suggestion, both Omar [Docket No. 21] and the Government [Docket No. 22] have filed proposed instructions.

After reviewing both parties' proposed instructions, the court issues the following instructions with its remand order, pursuant to 8 U.S.C. § 1447(b):

(1) No later than May 1, 2006, the Government shall turn over to Omar all information and evidence in its possession or under its control upon which CIS based its denial of Omar's naturalization applications, as well as any information or evidence in its possession or under its control created or acquired after those decisions were issued which relate to Omar's naturalization applications. This includes, but is not limited to, all documentary evidence, statements, affidavits, testimony, notes, recordings, videotapes, and other materials considered in both decisions or which were created or acquired after those decisions were made, relating to Omar's naturalization applications. This also includes all evidence favorable to Omar as well as evidence adverse to Omar's applications for naturalization. This does not include any material privileged for reasons of national security, nor any material privileged or barred from disclosure by reason of any other statute. However, if the Government invokes any privilege or statutory basis other than reasons of national security as the basis for refusal to disclose, it shall explain the reasons and legal authority for such refusal to Omar in writing and in detail.
(2) No later than May 1, 2006, Omar shall turn over to the Government all information and evidence in his possession or under his control which Omar contends supports his applications for naturalization, including but not limited to all documents, records and statements supporting the existence of a marital union with Anjanette Flanagan.
(3) Omar shall be permitted to submit a brief following disclosure in addition to his already-filed request for a hearing. That brief shall be filed by May 31, 2006. No further decision on this matter may be made until June 1, 2006.
(4) The review by CIS upon remand shall be conducted pursuant to the provisions of 8 C.F.R. § 336.2(b), except that the hearing must be scheduled no later than 120 days from the issuance of this order, and no earlier than June 1, 2006.
(5) The Government shall issue a written decision following that review hearing no later than 60 days after the hearing's conclusion. If such a decision cannot be reached at that time, the Government shall explain to Omar in detail and in

        writing the reasons why such a decision may not be reached at that time.

(6) All security and background checks on Omar, including but not limited to record checks with the Department of Homeland Security, the Federal Bureau of Investigation, and the interagency border inspection system shall proceed immediately upon issuance of this remand order and shall not be stayed or delayed before, during or after the review hearing. All security and background checks are to be completed as soon as is practicable, and if those checks are not able to be completed within 180 days of the issuance of this order, the Government shall inform the court and Omar, in writing and in detail, of the reasons why those checks are not able to be completed in that time period.

The court therefore grants the Government's motion for remand [Docket No. 18] and remands the matter to CIS with the instructions above. The court denies Omar's motion to set aside [Docket No. 16], and the case shall be closed. However, the court will retain jurisdiction over the case for enforcement purposes.

IT IS SO ORDERED.

                                                  /s/Ann Aldrich  
                                                  ANN ALDRICH  
                                                  UNITED STATES DISTRICT JUDGE

**Dated: March 31, 2006**